(116 So. 125)
**WILLIAMS v. HARGETT et al.    (8 Div. 15.)**

Supreme Court of Alabama.    March 22, 1928.

I. Evidence ⬅️417(12)—Telephone conversation referred to in letter inclosing order held admissible to fix time for delivery not shown by the writing.

In suit in assumpsit for breach of contract to purchase lumber, telephone conversation between parties *held* admissible to fix time for delivery under written contract evidenced by letter, where the writing expressly referred to the telephone conversation and did not purport to set date of delivery.

2. Sales ⬅️181(5)—Evidence as to operation of mill held admissible in suit for breach of contract to purchase lumber claimed to have been below specifications.

Where, in seller's suit for buyer's breach of agreement to purchase lumber, conflict arose as to whether stock met requirements of "sound and square edges" called for, evidence that mill was operated as contemplated, cutting the clear stuff into lumber, was properly admitted.

─────────
©⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Trial ⟐⟐244(2)—Trial court's reference to particular evidence, in course of outlining contentions in his oral charge, held not error.**

Trial court's reference to particular feature of evidence in oral charge, in course of outlining contentions of respective parties, *held* not error.

**4. Sales ⟐⟐388—Trial ⟐⟐258(1)—Instruction relative to waiver of breach of contract and agreement to pay without knowledge of facts held properly refused as incomplete and too broad.**

Instruction in action for breach of contract to purchase lumber that defendant could not waive breach if he did not know all of facts, and that "agreement to pay without knowledge that there was a carload or that the lumber did not come up to contract," *held* properly refused as incomplete and too broad.

**5. Sales ⟐⟐176(1)—Buyer may waive seller's breach of contract by delay without knowing all of facts, provided he knows those to which waiver relates.**

Buyer may waive alleged breach of contract by seller by delay without reference to other conditions, and he need not know all of facts, provided only he is familiar with facts to which waiver relates.

**6. Contracts ⟐⟐236—Parties may at will modify contracts in course of operations thereunder.**

Parties may modify contracts in course of operations thereunder as they desire, in which case no question of waiver is involved.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Assumpsit by A. W. Hargett, W. A. Hargett, and J. L. Hargett against J. C. Williams. Judgment for plaintiffs and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Williams & Chenault, of Russellville, for appellant.

Counsel discuss the questions raised, but without citing authorities.

J. Foy Guin, of Russellville, for appellees.

The court may state to the jury the law of the case, and may also state the evidence when the same is disputed. Code 1923, § 9507. There is no error in refusing a vague and meaningless charge. Cooper v. State, 88 Ala. 107, 7 So. 47; Adams v. State, 52 Ala. 379.

BOULDIN, J. The suit is in assumpsit for breach of an alleged agreement of a lumber dealer to purchase certain dimension stock manufactured by sawmill men on special order.

The defense was rested on two grounds, viz.: Delay in getting out the material; and failure to manufacture the full amount of the order, or a carload coming within the specifications.

Plaintiffs' evidence tended to show negotiations began by telephone conversation wherein defendant offered certain prices for oak "car stock." The prices being below current values of better grades of lumber, it was understood this stock could be cut from low-grade logs and the hearts of better logs in regular course of operation. This was followed by a letter from defendant, saying, "As per our conversation on phone yesterday, I am sending an order for car material," etc., and naming prices. Accompanying the letter was a list showing number of pieces and dimensions for two carloads aggregating 31,791 feet. About a month thereafter notice was given that a carload was ready. It was inspected, shipped, and paid for. This car contained 11,050 feet.

Some three months later plaintiffs had out some 11,000 feet more, and notified defendant. This was never taken up; hence the present suit.

[1] Evidence of the conversation over the telephone was properly admitted. The writing refers to the conversation. It does not purport to fix the time for delivery. The conflict between plaintiffs and defendant on this point made pertinent the conversation mentioned.

[2] There was conflict as to whether this stock, or how much of it, met the requirements of "sound and square edges" called for in such material. The entire agreement was properly detailed in this connection. So the evidence that the mill was operated as contemplated, cutting the clear stuff into lumber, etc., was proper.

[3] There was no error in the court's reference to this feature of the evidence in his oral charge in the course of outlining the contentions of the respective parties.

There was evidence that 10,000 feet was a minimum carload, and conflict as to whether the 11,000 feet offered would, upon inspection and throwing out culls, make a carload.

[4, 5] Defendant's refused charge, made the basis of assignment of error No. 8, reads:

"The defendant could not waive any breach, if he did not know all the facts in the matter. And an agreement to pay without knowledge that there was a carload, or that the lumber did not come up to the contract."

The charge appears to be incomplete. Probably the words "would not be binding" were meant to be added. Its refusal was justified for such omission. The charge is too broad anyway. Defendant could waive the alleged breach by delay without any reference to other conditions. The rule as to waiver only requires knowledge of facts to which the waiver relates.

[6] The letter from defendant of date December 5th, in connection with plaintiffs' evidence that defendant, after notice of this shipment being ready, ordered that no more be

---

cut because the railroad had gone out of the market, constituted a waiver of any time limit as to this material, and really imports an agreement to take what was on hand, subject, of course, to inspection. Parties may modify contracts in course of operations as they will. Under that phase of the evidence, it is not a question of waiver, but one of contract relating to this material—a binding agreement unless induced by fraud.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.